UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA DVOINIK and BORIS
ZAVADOVSKY,

          Plaintiff,

v.                                    Case No. 8:23-cv-0623-KKM-CPT

ELKE U. ROLFF, ROLFF LAW P.A.,
DALE WEBNER, and MILLER and
WEBNER, P.A.,

          Defendant.

_____

## ORDER

Elena Dvoinik and Boris Zavadovsky sue Elke U. Rolff, Rolff Law P.A., Dale

Webner, and Miller and Webner, P.A., under the Foreign Agent Registration Act and

various state law torts. Because their complaint is a quintessential "shotgun pleading," it is

dismissed without prejudice.

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often

disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's*

*Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four

basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each

count adopts the allegations of all preceding counts; (2) a complaint that is replete with

conclusory, vague, and immaterial facts not obviously connected to any particular cause of

action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Plaintiffs attempt to bring several claims under four counts. But each count incorporates the allegations of preceding count which renders the complaint deficient under Rules 8 and 10. *See, e.g.*, Compl. (Doc. 1) ¶ 97 ("Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs . . . of this Complaint as if set forth in full."). This type of shotgun pleading is problematic because it muddles which facts go to which claims and prevents each claim from standing on its own merit before the Court. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("By the time a reader of the pleading gets to the final count, it is exceedingly difficult, if not impossible, to know which allegations pertain to that count (according to its label), to separate the wheat from the chaff. Put plainly, shotgun pleadings unnecessarily tax the time and resources of the District Court as well as the Court of Appeals.").

The Eleventh Circuit has explained that shotgun complaints are "altogether

unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds). Accordingly, the proper course of action is to strike a shotgun pleading and allow an opportunity to remedy the deficiencies. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading." (quotations and alterations omitted)). Plaintiffs will be given the opportunity to correct these deficiencies by filing an amended complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. By **April 5, 2023**, Plaintiffs may file an amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure

3

8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will

result in the dismissal of this action without further notice.

ORDERED in Tampa, Florida, on March 22, 2023.

Kathryn Kimball Mizelle
United States District Judge