UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA DVOINIK and BORIS
ZAVADOVSKY,

        Plaintiffs,

v.                                        Case No. 8:23-cv-0623-KKM-CPT

ELKE U. ROLFF and DALE F. WEBNER,

        Defendants.
_____

## ORDER

Elena Dvoinik and Boris Zavadovsky sue Elke U. Rolff and Dale F. Webner under the Foreign Agent Registration Act (FARA). Because FARA contains no private cause of action, their complaint is dismissed.

I. BACKGROUND

Dvoinik and Zavadovsky have several other cases pending in both the Middle and Southern Districts of Florida, against the Republic of Austria and Austrian officials. Am. Compl. (Doc. 6) ¶ 51; Notice of Related Action (Doc. 2); *Dvoinik v. Philipp*, No. 8:22-cv-1127 (M.D. Fla. March 15, 2023). In the course of that other litigation, Dvoinik and Zavadovsky came into contact with Rolff and Webner. Am. Compl. ¶ 24, 41. Webner represents the defendants in those other cases, and Dvoinik and Zavadovsky claim that Rolff hired him. *Id.* ¶ 21, 59. They also claim Rolff was asked to "intimidate the Plaintiffs,

to deceive the Plaintiffs, [and] to induce the Plaintiffs to withdraw all their claims without receiving any compensation." *Id.* ¶ 19.

Dvoinik and Zavadovsky brought this case against Webner and Rolff on March 21, 2023. Their original complaint alleged a violation of FARA and various state law claims. Compl. (Doc. 1). Because it was a "quintessential" shotgun pleading, I dismissed it without prejudice and gave them leave to refile. Order (Doc. 5). Their amended complaint alleges only one count under FARA. Dvoinik and Zavadovsky allege that Webner, by acting as counsel in the other cases, and Rolff, by hiring him, each "acted as . . . an agent for foreign principals [Republic of Austria]." Am. Compl. ¶¶ 6, 9 53–59. They argue that Webner and Rolff had "an obligation under FARA to register with the Attorney General," and that they failed to do so. *Id.* ¶¶ 7, 9–10. Finally, they claim that this failure to register "confused the Plaintiffs, misled them, contributed to the Plaintiff's malicious prosecution in Austria, interfered in the Plaintiff's civil proceedings in the Middle District Court in Florida, and influenced these processes in the interests of the Austrian principals, thereby causing harm" to them. *Id.* ¶ 62.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

2

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Pro se pleadings are to be "liberally construe[d]" and held to "less stringent standards," but the court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. ANALYSIS

Webner and Rolff move to dismiss the complaint because FARA provides no private cause of action. FARA creates registration requirements for those who act on behalf of foreign governments or other foreign entities in the United States. 22 U.S.C. § 612. "No person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement and supplements thereto . . . or unless he is exempt from registration under the provisions of this subchapter." *Id.* Section 618 provides for the enforcement of FARA, including criminal liability for violations of the registration requirements and a provision allowing the Attorney general to "make application to the appropriate United States district court for an order enjoining" individuals from violating the registration requirement or continuing to act as foreign principles. 22 U.S.C. § 618(a), (f).

Section 618 includes no explicit private cause of action, and Dvoinik and Zavadovsky do not contest that fact. They, instead, argue that FARA creates an implied cause of action. It does not. And I am not alone in that conclusion. *See, e.g., Bey v. Epstein*, No. 3:21-cv-901, 2021 WL 8155603, at *4 (D. Conn. Aug. 6, 2021); *Meng v. Xinhaunet Co., Ltd.*, No. 16 CIV 6127, 2017 WL 3175609, at *3 (S.D.N.Y. July 25, 2017); *Comm. for a Free Namibia v. S. W. Africa People's Org.*, 554 F. Supp. 722, 725 & n.4 (D.D.C. 1982).

"In determining whether a private remedy is implicit in a statute not expressly providing one," courts look to four factors. *Cort v. Ash*, 422 U.S. 66, 78 (1975). "First, is the plaintiff one of the class for whose especial benefit the statute was enacted[?]" *Id.* (quotation omitted). "Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?" *Id.* "Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?" Fourth, "is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" *Id.* The Supreme Court has further clarified that "when deciding whether to recognize an implied cause of action, the 'determinative' question is one of statutory intent." *Ziglar v. Abasi*, 582 U.S. 120, 133 (2017) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). "If the statute itself does not display an intent to create a private remedy, then a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* (internal quotation marks and alterations omitted) (quoting *Sandoval*, 532 U.S. at 286–87).

Nothing in the statutory scheme suggests an intent to create a private cause of action for FARA violations. *E.g.*, *Comm. for a Free Namibia*, 554 F. Supp. at 725. FARA does not "create a federal right in favor of" Dvoinik and Zavadovsky. *Cort*, 422 U.S. at 78.

5

Instead, it creates a "centralized reporting system" to allow the federal government to "track the activities of agents acting on behalf of foreign countries." *Comm. for a Free Namibia*, 554 F. Supp. at 725. Additionally, it is inconsistent with the "broad" enforcement provisions specifically enumerated in the statute to assume a private cause of action. *Id.* Most importantly, FARA "provides a general benefit to the public rather than any special category of persons," including Dvoinik and Zavadovsky. *Id.* Thus, because the statutory scheme evinces no intent to create either a private right or a private remedy, Dvoinik and Zavadovsky's claim fails.

## IV. CONCLUSION

Dvoinik and Zavadovsky's complaint fails to state a cause of action. Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 19) is **GRANTED.**

2. Plaintiff's Amended Complaint (Doc. 6) is **DISMISSED with prejudice.**

3. The Clerk is directed to enter **JUDGMENT in favor of Rolff and Webner.**

4. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 5, 2023.

Kathryn Kimball Mizelle
United States District Judge